Price, J.
It has been a long time' since the plaintiff in error began his quest for justice in the court of common pleas. On August 15, 1902, *257 he filed his petition against Bower asking judgment for damages for causing a part of plaintiff’s farm to be annually overflowed and crops destroyed during the six years preceding. As a part of his case he also asked the court to enjoin Bower from continuing the wrong. Issue was joined by a general denial — except that plaintiff owned his land — and trial was had to a jury in May, 1903. The jury found for the plaintiff and assessed his damages at $180, for which judgment was rendered, as well as for the costs of the action. Thereupon and on further hearing to the court, the defendant was enjoined from further diverting the water and throwing it upon the lands of the plaintiff. The defendant appealed to the circuit court and filed the bond for appeal August 1, 1903, and the transcript and other papers on August 8 of the same year. On September 28, 1903, a motion to dismiss the appeal was filed, containing as its ground that the case was not appealable. This motion was heard and denied by the circuit court at its February term, 1904. The case was continued by order of the court at each subsequent term until February 1907, —a period of three years — and then the plaintiff was turned out of court with some advice but without any relief whatever; a rather remarkable end to the long slumber of the case on the trial docket.
But before we further consider the latter end of the case, it is important that we notice a judicial event which transpired quite early in the proceedings of the circuit court. One of the errors assigned in this court is, that the “circuit court erred *258 in overruling the motion of the plaintiff to dismiss the appeal of said defendant to said circuit court * * As already stated, the ground of the motion is that the case is not appealable. If' this motion had been sustained and the appeal dismissed, the responsibility of the circuit court would have there ended.
Our statement of this case shows that the action in the court of common pleas was to recover damages caused by the wrongful acts of the defendant. For six )^ears before suit was filed, it is alleged, the defendant trespassed upon the lands of plaintiff by interfering with certain physical conditions on his own and plaintiff’s lands so as to overflow the latter. The acts charged were trespasses in the broad meaning of the term, and the primary redress sought was damages, and as an incident to his right of recovery, if the same should be established, he asked that further trespass and injury be enjoined. If the plaintiff on this petition had asked for injunction as his sole remedy,' he would have been told that none could be granted because he had an adequate remedy at law, for it is a fundamental doctrine, underlying the entire jurisdiction of equity by injunction against the commission of trespass, that where adequate relief may be had in the usual course of procedure at law, equity will not interpose by the extraordinary remedy of injunction. The remedy at law is a bar to injunction. Fligh on Injunctions, Section 699.
The issue made up in the pleadings was an issue of fact for trial by jury, and with consent on all hands, the case was tried to a jury and its verdict *259 for so much money was returned. Section 5130, Revised Statutes, provides that “issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided.”
In this case, the allegations on which plaintiff prayed for damages are the allegations on which an ultimate injunction was asked. Therefore there were not two causes of action each based on separateeand distinct facts, but one cause of action for damages, and if that should be sustained, then as ancillary relief, an injunction to prevent further injury. It was proper practice in actions founded on trespass such as disclosed in the petition, to first establish the legal rights of the plaintiff, and when that has been done, in order to avoid a multiplicity of suits, to have the repeating of the trespasses enjoined; and this may be done in the same action, upon sufficient averments for that purpose. If the jury had found for the defendant on the plaintiff’s demand for damages, an injunction would not have been granted, because the plaintiff had failed to make a case on the averments of his petition. The prayer for the injunction is predicated on the truth of the averments on which the recovery of damages is sought, and was granted when and only when the right of recovery had been determined by the jury.
Another view point is found in Section 5226, Revised Statutes, as to when an appeal may be taken to the circuit court. It reads, in part, “an *260 appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common' pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist, * * It will require a high degree of courage to contend, as in brief of defendant in error, that under the issues joined in this case, the parties were not entitled to a jury. If the right to demand a jury existed the cause was not appealable. The foregoing provisions of our statutes have received construction in numerous cases, including Dunn & Witt v. Kanmacher & Stark et al., 26 Ohio St., 497; Chapman v. Lee, 45 Ohio St., 356; Gunsaullus, Admr., v. Pettit, Admr., 46 Ohio St., 27; Raymond v. Railway Co., 57 Ohio St., 271. The latter case contains an elaborate discussion of the subject, and the fourth paragraph of the syllabus is directly in point here.
What have we in this record? The tail of the case, to-wit: the supplication for an injunction at the close of the plaintiff’s allegations of wrong— taking up by appeal the entire lawsuit; — the jury issues — the verdict of the jury and the judgment thereon, as an accompaniment of the order of injunction; for it is contended that such did actually happen by reason of the appeal, so that the verdict and judgment thereon were suspended. We are not able to concur in such views, but, on the contrary, we think the action is one for damages as the primary relief, and the relief by injunction is ancillary thereto. We therefore hold that the circuit court should have sustained the *261 motion to dismiss the appeal and that its refusal so to do is error.
Having refused to dismiss the appeal, in course of time the court took up the case for hearing and consideration, and the record shows the following disposition of the controversy, under date of February 21, 1907. “This day this cause came on to be heard and was submitted to the court upon the pleadings and the evidence and was argued by counsel, upon consideration whereof the court find for said defendant, and that said plaintiff is not entitled to the relief prayed for in his petition, either in the form of an injunction or in the form of damages, it being the opinion and finding of the court from the evidence that said plaintiff had and has an adequate remedy at law by means of proceedings before the county commissioners of said county for establishment of ditches, drains and watercourses. It is therefore ordered and adjudged and decreed that the petition of the said plaintiff be and the same hereby is dismissed without prejudice, however, to his right to pursue his said remedy at law, and without being concluded in pursuing said remedy by any finding herein made.” The court then ordered each party to pay his own costs.
This disposition of the case is certainly unique. Notwithstanding- the fact that a jury had found that plaintiff had been damaged as he had alleged, the court, believing that it had acquired jurisdiction of that subject by apneal, decided that plaintiff was not entitled to relief “in form of damages,” nor to relief in “the form of an injunction.” If the court had jurisdiction to hear and determine *262 .the claim of damages, and found that plaintiff yras not entitled to recover on the allegations of his petition, it would follow that the relief by injunction would be denied, because the ground of his action had failed. The reason assigned by the court for its findings is’ that plaintiff has “an adequate remedy at law, by means of proceedings before the county commissioners of said county for the establishment of ditches, drains and watercourses.”
The plaintiff had resorted to his remedy at law and had pursued it to verdict and judgment, and it is a harsh saying under such circumstances, that his adequate remedy at law is to go before the county commissioners and implore them to establish a ditch or ditches to drain his lands. It is indicated in the record that plaintiff may have had tribulations of that kind before, for in his petition he accuses the defendant of filling up or obstructing a township ditch as a part of the scheme to overflow plaintiff’s lands. The court entertained the case on appeal and then commended the plaintiff to the tender mercies of the county commissioners: This was the unkindest cut of all. He asked for a fish, but they g-ave him — water.
The judgment of the circuit court is reversed and set aside; the motion to dismiss the appeal is sustained and the appeal dismissed, and the case is remanded to the court of common pleas for such proceedings as are authorized by the law and this opinion.

Judgment reversed.

Crew, C. J., Summers, Spear, Davis and Spiauck, JJ., concur.